## Waslin *v.* Conlon Coal Company et al., Appellants.

Argued September 29, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Nathan Hyman,* for appellants.

*Henry Thalenfeld,* with him *Herman E. Cardoni,* for appellee.

OPINION BY DITHRICH, J., November 9, 1948:

The workmen's compensation authorities found as a fact that claimant's decedent was fatally injured in the course of his employment with the defendant coal company. They accordingly awarded compensation and the award was affirmed by the Court of Common Pleas. The defendant coal company and its insurance carrier have brought this appeal.

John Waslin, husband of Rosalie Waslin, was employed as a slope runner in one of the mines of the employer defendant. As such it was his duty to hitch a cable on a trip of loaded mine cars, signaling by pushing a bell for the hoisting of the cars up a slope, and signaling when the trip reached the top of the slope. It was also his duty to unhitch the loaded cars and to return to the bottom of the slope for repeated trips. On January 21, 1944, while in the act of jumping off a loaded car to signal the stationary engineer that the cars had reached the top of the slope, his belt caught on the car, causing him to fall. In the fall his skull was fractured, resulting in his death within a few hours.

Appellants contend that his widow is not entitled to any compensation for the reason that his death was a result of his violating Rule 16 of the Anthracite Mine Law and positive orders of his employer. Rule 16 provides: "No person shall ride upon or against any loaded car, cage or gunboat in any shaft, slope or plane in or

about a mine or colliery." Appellants take the position that the words "no person" admit of no exception. The compensation authorities, however, found on the testimony of the stationary engineer who was operating the motor that pulled the cars up the slope that it was necessary for a slope runner to ride the cars in the performance of his duties and that no orders had ever been given forbidding a slope runner to ride the cars. True, the mine foreman testified that he, personally, had ordered the deceased not to ride the cars, but the compensation authorities chose to believe the stationary engineer rather than the mine foreman and they were entirely within their rights in so doing. This sharp conflict in the testimony presented a question of fact, and the Compensation Board is the final fact-finding body. A decision of the Compensation Board based on a finding of fact where there is sufficient, competent testimony to support the finding and to justify the same, such as the testimony in this case, is binding on the courts on appeal.

We agree with the learned court below that "While it is true that Rule 16 is not qualified, a reasonable interpretation requires that it be inapplicable to those whose duty it is to ride the cars." In *Morell v. Buffalo & Susquehanna C. & C. Co.*, 103 Pa. Superior Ct. 316, 158 A. 192, where a coal loader was killed while riding on an electric motor locomotive in alleged violation of the Bituminous Coal Mining Act and it was found that he was not riding on the motor in defiance of the rules and positive orders of his employer, but with the knowledge and tacit approval of the employer's superintendent, his widow was held to be entitled to compensation. In *Lewis v. Pittsburgh Terminal Coal Corp.*, 113 Pa. Superior Ct. 540, 173 A. 859, where an assistant mine foreman was killed while riding on a motor, the *Morell* case, supra, was followed, and his widow was likewise awarded compensation.

In *Soroka v. Philadelphia & Reading Coal & Iron Co.*, 138 Pa. Superior Ct. 296, 10 A. 2d 904, while the refusal of an award was affirmed by this Court, the Court speaking through KELLER, P. J., reaffirmed the principle established in the *Morell* and *Lewis* cases, supra, by holding that the lower court had correctly stated the law applicable to the point, as follows (page 304) : " 'There can be no doubt, under all the evidence in the case, that the decedent violated positive orders of his employer in riding on the car up the plane and that this would amount to an abandonment of his employment, making his death non-compensable, *unless the hostile and defiant act concerned instrumentalities, places or things about or on which the employee had a duty to perform and with which his employment connected him. Violation of orders is not enough.*' " (Emphasis added.)

And in *Garrahan v. Glen Alden Coal Co.*, 149 Pa. Superior Ct. 1, 26 A. 2d 138, the principle was again recognized, this Court saying through RHODES, J., now P. J. (page 5) : "Naturally there were some (such as the witness Berkowski, whose job as slopeman or planeman was to ride the trips of cars up and down the slope) whose work required them to use the slope, and to whom the rule could not apply."

Appellants further complain that since the first referee, who heard all the testimony bearing on the point, found as a fact that decedent had violated Rule 16 and positive orders of his employer, his findings could not be set aside by the Board without the Board making specific findings of its own. The second referee, to whom the case was referred after the findings of fact, conclusions of law and disallowance of the first referee had been vacated by the Compensation Board and the record remanded for further hearing and determination because of a lack of evidence to establish a causal connection between the accident and the death, found as a fact on competent testimony taken before the first referee

that it was the decedent's duty to ride up and down the slope on the mine cars. The Board rightly concluded that since it was the duty of the employee to ride the cars, Rule 16 did not apply to him.

Judgment affirmed.